Robert L. Sills
robert.sills@pillsburylaw.com
Ryan R. Adelsperger
ryan.adelsperger@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019
Telephone: +1 (212) 858-1181
Facsimile: +1 (212) 858-1500
*Attorneys for Petitioner The branch of Citibank, N.A.*
*established in the Republic of Argentina*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------- X
                                                    :     No.
**THE BRANCH OF CITIBANK, N.A.**                    :
**ESTABLISHED IN THE REPUBLIC**                     :
**OF ARGENTINA,**                                   :
                                                    :
                         Petitioner,                :     **PETITION**
                                                    :
            -against-                               :
                                                    :
**ALEJANDRO DE NEVARES,**                           :
                                                    :
                         Respondent.                :
                                                    X
-------------------------------------------------- 

     Petitioner The branch of Citibank, N.A. established in the Republic of Argentina

("Citibank Argentina"), for its petition against Respondent Alejandro De Nevares ("De

Nevares"), states as follows:

## INTRODUCTION

     1.    This action arises out of an employment contract, dated January 12, 2004 (the

"Employment Agreement"), among Citigroup Inc., together with its affiliates, on the one hand

("Citigroup"), and De Nevares, a former employee of Citibank Argentina.  A true and correct

copy of the Employment Agreement is attached hereto as Exhibit 1, and is made a part hereof as

if fully set forth herein.

2.      The Employment Agreement includes a binding arbitration clause, requiring that all disputes arising out of or relating in any way to De Nevares' employment at Citigroup or its affiliates be resolved through arbitration.

3.      As described below, De Nevares is virtually certain to commence litigation against Petitioner in Argentina in an attempt to enforce a judgement against CBNA (as defined below).  All of the claims he could assert are within the scope of the arbitration clause of the Employment Agreement.

4.      On July 16, 2021, Citibank Argentina filed a Demand for Arbitration and Complaint with the American Arbitration Association ("AAA"), requesting declaratory and injunctive relief against De Nevares with respect to the Employment Agreement and Resignation and Release (as defined below).

5.      Citibank Argentina now seeks an anti-suit injunction and an order compelling arbitration from this Court that will allow the arbitration to proceed in accordance with the parties' contract.

## JURISDICTION AND VENUE

6.      This court has jurisdiction over the subject matter of this action under Chapter Three of the Federal Arbitration Act, 9 U.S.C. §§ 301 *et seq*., in particular § 203 thereof, which is incorporated by reference pursuant to § 302.

7.      Venue in this District is proper pursuant to 9 U.S.C. § 204, which is incorporated by referenced pursuant to § 302, because the Employment Agreement was executed in New York and New York law applies.

## THE PARTIES

8.      Petitioner Citibank Argentina is, and at all times relevant herein, has been, a branch of Citibank, N.A. ("CBNA"), with its legal address in the city of Buenos Aires,

Argentina, and is registered as a branch of CBNA with the Office of Corporations in the city of Buenos Aires, the *Inspección General de Justicia*, which is a public body in which corporations with legal address in the city of Buenos Aires are registered and regulated, under Section 118 of the General Corporations Law of Argentina No. 19,550, as amended.

9.     Citibank Argentina has a separate banking license granted by the Central Bank of Argentina, *Banco Central de la República Argentina* ("BCRA"), which regulates Citibank Argentina as a separate entity subject to Argentine laws and regulations.

10.     Pursuant to Argentina's Financial Entities Law No. 21,526, as amended, to act as a bank in Argentina, Citibank Argentina is subject to its own local capital and reserve requirements, in a minimal amount fixed by the BCRA.  Citibank Argentina must prepare and submit its own audited financial statements to the BCRA, and is subject to Argentine general banking regulations, as any other local bank.  As such, it is subject to regular inspections by the BCRA, as well as Argentine labor and tax authorities, among others.

11.     Citibank Argentina is also individually registered with Argentina's National Securities Commission (*Comisión Nacional de Valores*), similar to the Securities and Exchange Commission in the United States of America, as an *Agente de Liquidación y Compensación y Agente de Negociación Integral*.  This registration allows Citibank Argentina to act as an agent in the local capital markets.

12.     Pursuant to Law No. 25,738, which requires Argentine branches of foreign entities to provide notice as to whether or not the foreign entity is liable for the obligations of the branch, Citibank Argentina provides notice on its website and in its physical locations that CBNA is not liable for the obligations of Citibank Argentina, as well as in advertisements, which is effective notice as a matter of Argentine law.

13.     CBNA is a wholly owned indirect subsidiary of Citigroup, a corporation organized under the laws of the State of Delaware and a worldwide financial services provider, with its headquarters in New York, New York.

14.     Respondent Alejandro De Nevares is an individual who, upon information and belief, is a national of Argentina and currently resides in Buenos Aires, Argentina.

## THE FACTUAL BACKGROUND OF THIS ACTION

### De Nevares' Employment at Citibank Argentina, CCM and CBNA

15.     Citibank Argentina employed De Nevares in the city of Buenos Aires, Argentina from 1992 until 1994.

16.     In 1994, De Nevares was transferred from Citibank Argentina to Citicorp Capital Markets S.A. ("CCM"), still in the city of Buenos Aires, and worked there until 2003.  He was not asked to, and did not, execute a resignation or release in connection with that transfer.

17.     On October 22, 2003, CBNA offered De Nevares a position at CBNA in New York as a Vice President, Level U within Emerging Markets Sales & Trading with a start date of January 5, 2004, in accordance with a written offer letter (the "Offer Letter").

18.     De Nevares accepted that offer of employment at CBNA and resigned from his position at CCM to become a local employee of CBNA in accordance with Citigroup's practice and policy.

19.     On or about December 15, 2003, Mr. De Nevares signed a resignation and release, on the letterhead of Citibank Argentina, in which he informed Citibank Argentina that he was resigning from his then-current position to accept a new position as a local employee of CBNA in New York (the "Resignation and Release")

20.     In the Resignation and Release, De Nevares also released Citibank Argentina from all claims he potentially had, stating:

I furthermore understand and accept that *Citibank, N.A. New York Branch is a different employer* and, consequently, I will have no right to claim from Citibank N.A. Branch established in the Republic of Argentina any item or difference or indemnity that may result as a consequence of, or in relation to, my labor relationship with Citibank, N.A New York Branch *or the termination thereof.*

(emphasis added).

21.     Additionally, on December 30, 2003, De Nevares sent a resignation telegram addressed to CCM stating, "I quit as of January 4, 2004 to my present position to join Citibank New York. Deliver to Luciana Lovece, Human Resources."

22.     In connection with his new employment at CBNA, along with CBNA's other standard new hire forms and agreements, De Nevares signed the Employment Agreement which contains a broadly-worded arbitration clause.

23.     That arbitration clause states, in relevant part, as follows:

[De Nevares] agree[s] to follow our dispute resolution/arbitration procedure for resolving all disputes based on legally protected rights (i.e., statutory, contractual or common law rights) that may arise between you and Citigroup Inc. or its parent affiliates, officers, directors, employees and agents. This applies while you are employed with us as well as after your employment ends. . . . you and the Firm agree to submit the dispute, within the time provided by applicable statute(s) of limitations, to binding arbitration before the arbitration facilities of the National Association of Securities Dealers Inc. ("NASD") or where the NASD declines to use its facilities, before the American Arbitration Association, in accordance with the arbitration rules of that body then in effect and as supplemented by the Employment Arbitration Policy.

24.     As stated in the arbitration clause of the Employment Agreement, Citigroup is defined to include its affiliates, which includes Citibank Argentina, as an affiliate of Citigroup.

25.     De Nevares also signed an Employee Handbook Receipt pursuant to which he "agree[d] to be bound by the Global Corporate & Investment Bank Principles of Employment, which includes a pre, dispute employment arbitration provision." The Employee Handbook also contains an arbitration provision that mirrors the Employment Agreement in addition to the procedures under which any arbitration would be held.

26.     In January 2004, De Nevares became an employee of CBNA and was no longer an employee of Citibank Argentina or CCM.  At this time, De Nevares ceased receiving any salary from Citibank Argentina or CCM and started to receive a salary from CBNA.

27.     De Nevares' compensation increased substantially as a result of his new employment with CBNA.  In 2003, De Nevares' total compensation from CCM was $357,500. During his employment by CBNA, his total compensation per year was $507,500 in 2004, $670,000 in 2005 and $765,000 in 2006.

**De Nevares' Termination**

28.     In 2007, De Nevares' employment was terminated as the result of a reduction in force by Citigroup.

29.     On April 11, 2007, CBNA provided De Nevares with a proposed Separation Agreement and Release which notified him that his employment would be terminated effective June 10, 2007.  De Nevares did not execute the Separation Agreement and Release.

30.     Under the Separation Agreement and Release, CBNA would have paid De Nevares a lump-sum representing one year of De Nevares' annual base salary rate, together with 60 days of notice pay, at the same annualized rate, together with benefits; De Nevares was not required to perform any duties during that notice period.

**De Nevares Commenced Litigation in Argentina Against CBNA**

31.     On December 10, 2009, De Nevares commenced litigation in Argentina against CBNA alleging that he was improperly refused reinstatement of his employment in Argentina and requesting the application of Argentine law to his employment relationship with CBNA in New York.  See DE NEVARES ALEJANDRO C/ CITIBANK N.A. s/ DESPIDO (File No. 45931/09).

32.     Citibank Argentina is not a party to the Argentine litigation.  This was expressly acknowledged by the Argentine labor court.  When Citibank Argentina was erroneously served, the court quashed service, holding that Citibank Argentina was not a party to the litigation, stating that Citibank Argentina is "not a defendant in the case."

33.     On May 14, 2021, the Chamber VIII of the National Court of Labor Appeals issued an award of $3,902,302.75, with fees and accrued interest, the total amount being now approximately $9.5 million against CBNA, with interest continuing to accrue.  Though this award is still subject to review by the Argentine Supreme Court, it is immediately enforceable.

34.     De Nevares is virtually certain to attempt to enforce any final judgment rendered against CBNA against Citibank Argentina in Argentina.

35.     For the avoidance of doubt, Citibank Argentina wishes to clarify that it is not seeking to relitigate the issues currently being litigated in Argentina. This Petition only has to do with any attempt by De Nevares to enforce his judgement rendered against CBNA against Citibank Argentina or any other claims against he has in any forum other than the in the contractually agreed upon forum of arbitration.

**CLAIM FOR RELIEF**

### *Citibank Argentina Faces Immediate and Irreparable Harm*

36.     De Nevares is virtually certain to seek enforcement of the judgment rendered against CBNA against Citibank Argentina.  If De Nevares is not enjoined from doing so during the pendency of the arbitration against him commenced by Citibank Argentina, Citibank Argentina will be immediately and irreparably harmed through the loss of its contractual right to have its dispute with De Nevares resolved through the agreed upon forum, arbitration.  Citibank Argentina has no adequate remedy at law.

37.     De Nevares has manifested an unambiguous intent not to arbitrate with Citibank Argentina, but to litigate with Citibank Argentina in the Argentine courts.  By reason thereof, Citibank Argentina is entitled to an order compelling De Nevares to arbitrate in accordance with the Employment Agreement, and to a preliminary and permanent injunction against commencing or prosecuting any action or attempting to enforce any judgement against Citibank Argentina in violation of his agreement to arbitrate.

WHEREFORE, Citibank Argentina demands judgment against Respondent Alejandro De Nevares, as follows:

(a)     enjoining and restraining De Nevares, together with his officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with De Nevares or any of his officers, agents, servants, employees, or attorneys, from commencing or prosecuting any action or proceeding, in Argentina or elsewhere, arising out of or related to:

(i)     De Nevares' employment at Citibank Argentina, the termination of his employment or enforcing (by way of contempt or otherwise) any order entered in any such action, other than an action in this Court, or

(ii)    any attempt to enforce any judgement rendered against Citibank, N.A. in DE NEVARES ALEJANDRO C/ CITIBANK N.A. s/ DESPIDO (File No. 45931/09) against Citibank Argentina;

(b)     compelling De Nevares to cease the prosecution of any such litigation;

(c)     compelling De Nevares to arbitrate any dispute between the parties in the AAA arbitration now pending in New York entitled The branch of Citibank, N.A. established in the Republic of Argentina v. Alejandro De Nevares, AAA Case No. 01-21-0004-7878 (the "Arbitration"); and

(d)     granting Citibank Argentina its costs and disbursements of this action, including its reasonable attorneys' fees; and

(e)     awarding such other relief as the Court deems just and proper.

Dated: New York, New York
July 16, 2021

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: _____

Robert L. Sills
robert.sills@pillsburylaw.com
Ryan R. Adelsperger
ryan.adelsperger@pillsburylaw.com
31 West 52nd Street
New York, NY 10019
Telephone: +1 (212) 858-1181
Facsimile: +1 (212) 858-1500
*Attorneys for Petitioner The branch of*
*Citibank, N.A. established in the Republic of*
*Argentina*