

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Robert L. Sills
tel: +1.212.858.1114
robert.sills@pillsburylaw.com

November 29, 2021

**BY ECF**

Hon. Victor Marrero
United State District Judge for
  the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *The branch of Citibank, N.A. established in the Republic of Argentina v. Alejandro De Nevares*, No. 1:21-cv-06125-VM

Dear Judge Marrero:

In accordance with Section II.A of Your Honor's Individual Rules of Practice, Petitioner, The branch of Citibank N.A. established in the Republic of Argentina ("Citibank Argentina"), respectfully requests a pre-motion conference in anticipation of moving for an order holding Respondent, Alejandro De Nevares, in contempt for violating the Temporary Restraining Order entered in this action on July 31, 2021, ECF No. 22 (the "TRO"), as briefly outlined below.

      1.    The TRO enjoins Mr. De Nevares "together with his . . . attorneys, and any individual or entity claiming rights in the judgment . . . by, through or under De Nevares, and all persons who receive actual notice of this Order and are in active concert or participation with De Nevares . . . from enforcing, or attempting to enforce, the Judgment against Citibank Argentina or any of its assets" which in turn includes "any effort to enforce the Judgment against Citibank Argentina or any of its assets based on the claim that Citibank Argentina and Citibank N.A. are not separate entities for such purposes." TRO, pp. 2-3.

      2.    On November 5, 2021, Mr. De Nevares' Argentine attorneys, acting expressly on behalf of Mr. De Nevares, moved before the Argentine Labor Court that has entered a judgment in his favor for approximately $9.5 million against Citibank N.A. (the "Judgment") for an order that Citibank Argentina and Citibank, N.A. are the same entity for the purposes of enforcing the Judgment (the "Request for Clarification"), and that the Judgment may, therefore, be enforced against the assets of Citibank Argentina held at the Central Bank of Argentina. Copies of that motion, in Spanish together with an English translation, are attached at Tabs A1 and A2. Notably, Mr. De Nevares included in his papers in Argentina a Spanish translation of the entire Declaration of Dr. Rovira submitted to this Court on precisely that point in opposition to Citibank Argentina's Motion for a Preliminary Injunction and in support of his Motion to Dismiss. *See* ECF No. 30.

November 29, 2021
Page 2

3. The Argentine Labor Court rejected that application (together with another that sought to have the Argentine Judgment denominated in dollars rather than pesos), and ordered the case to be transferred to the Appellate Court before giving Citibank, N.A. an opportunity to file any papers. On November 11, 2021, Citibank, N.A. filed an application objecting to the transfer of the Request for Clarification to the Appellate Court and objecting to the submission of Dr. Rovira's declaration without allowing Citibank, N.A. an opportunity to respond to it.

4. On November 10, 2021, we wrote to U.S. counsel for Mr. De Nevares regarding his violation of the TRO and requested that the application be withdrawn. They responded that, in their view, the action in Argentina was not a violation of the TRO, though they admit that it was filed on Mr. De Nevares' behalf and that it seeks a ruling that Citibank Argentina and Citibank, N.A. are the same legal entity. Copies of those letters and emails are attached as Tab B.

5. Mr. De Nevares' recent applications before the Argentine courts clearly violate the TRO, and he should be held in contempt. "A party who violates an injunction entered by the district court faces the threat of both civil and criminal contempt." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004). "A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (citing *Paramedics*, 369 F.3d at 655).

6. First, there can be no claim that the TRO is not clear and unambiguous—it precisely describes the conduct that it prohibits. Second, Mr. De Nevares' filings in Argentina are clear and convincing proof that he violated the TRO. Mr. De Nevares' Argentine counsel submitted the Request for Clarification expressly on Mr. De Nevares' behalf and it is a critical step in his attempt to enforce the Judgment against Citibank Argentina, making precisely the argument that the TRO forbids. As his Argentine lawyers told the Argentine Labor Court, "at the discretion of this party and with due respect to Your Honor – that this legal representation expressly requests that Your Honor clarify" that "[a]lthough CITIBANK N.A. - Headquarters - is the company effectively being sued in this lawsuit, this does not imply that, in relation to its Branch in Argentina, it can be argued that they are separate entities, as a pretext to avoid trying to avoid complying with the obligation imposed in the proceedings." Tab A2, pp. 4-5. This attempt by Mr. De Nevares to obtain a ruling from the Argentine courts endorsing his claim that Citibank N.A. and Citibank Argentina are the same entity for purposes of enforcing the Judgment violates the express terms of the TRO and his contractual agreement to have all of his disputes with Citibank Argentina resolved through binding arbitration.

7. Third, Mr. De Nevares has not diligently attempted to comply with the TRO in a reasonable manner. A party is "'not reasonably diligent' when he or she ignores the order or takes only superficial actions that 'strain both the language and intent of the order.'" *Medina v.*

November 29, 2021
Page 3

*Buther*, No. 15-cv-1955(LAP), 2019 WL 581270, at *25 (S.D.N.Y. Feb. 13, 2019) (citations omitted).  Here, Mr. De Nevares' action go well beyond that, because he has taken actions "'that contravene the provisions of the order.'"  *See id.*  Mr. De Nevares ignored both the language and intent of the TRO by filing the action in Argentina that violates its express provisions.  Initially, Mr. De Nevares tried to avoid the TRO by having his Argentine counsel attempt to enforce the Judgment, allegedly on their own behalf, against assets held by Citibank Argentina at the Central Bank of Argentina.  *See* ECF No. 36, Exs. 1, 2.  Given their apparent lack of success in that effort, his Argentine counsel, this time expressly on Mr. De Nevares' behalf, have moved for an order that Citibank Argentina and Citibank, N.A. are the same entity for the purposes of enforcing the Judgment, despite the plain language of the TRO prohibiting Mr. De Nevares and his "attorneys, and any individual or entity claiming rights in the judgment" from attempting to enforce the Judgement against Citibank Argentina including "any effort to enforce the Judgment against Citibank Argentina or any of its assets based on the claim that Citibank Argentina and Citibank N.A. are not separate entities for such purposes."  TRO, pp. 2-3.

8.      Citibank Argentina submits that a daily coercive fine, imposed after giving Mr. De Nevares a reasonable brief opportunity to bring himself into compliance with the TRO, is an appropriate remedy here.  Accordingly, Citibank Argentina respectfully requests that the Court exercise its broad discretion, *see Medina*, 2019 WL 581270, at *26, to impose a daily fine of $10,000 to force compliance with the TRO, but stayed that order for a period of three business days to allow Mr. De Nevares an opportunity to comply with the TRO.  *See Telenor Mobile Commc'ns AS v. Storm LLC*, 587 F. Supp. 2d 594, 621 (S.D.N.Y. 2008), *aff'd*, 351 F. App'x 467 (2d Cir. 2009) (imposing a daily coercive fine of $100,000, and noting that "[i]n creating an appropriate remedy, the Court should consider (1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him.") (internal quotations and citations omitted); *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99-CV-10175 (KMW), 2021 WL 3418475, at *16 (S.D.N.Y. Aug. 5, 2021) ("A coercive fine must be substantial enough to make it more economical for a contemnor to comply than not to comply.").

9.      Citibank Argentina will also seek to recover its reasonable attorneys' fees if it is required to proceed to a formal motion.  The rule is that the district court "may award appropriate attorney fees and costs to a victim of contempt," particularly where the violation of the court order was "willful."  *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996).  This is just such a case.

Respectfully,

Robert L. Sills