

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Robert L. Sills
tel: +1.212.858.1114
robert.sills@pillsburylaw.com

December 16, 2021

**BY ECF**

Hon. Victor Marrero
United States District Judge for
　the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

　　　　Re:　*The branch of Citibank, N.A. established in the Republic of
　　　　　　Argentina v. Alejandro De Nevares*, No. 1:21-cv-06125-VM

Dear Judge Marrero:

On behalf of Petitioner The branch of Citibank, N.A. established in the Republic of Argentina ("Citibank Argentina"), I write in response to the letter sent to the Court yesterday, December 15, 2021, by counsel for Respondent Alejandro De Nevares (the "December 15 Letter").

By order dated December 6, 2021, the Court scheduled a pre-motion conference for tomorrow, December 17, 2021, regarding Citibank Argentina's contemplated motion to hold Mr. De Nevares in contempt of the Temporary Restraining Order entered in this action on July 31, 2021, ECF No. 22 (the "TRO"). The TRO prohibits De Nevares, and all those acting in concert with him, from attempting to enforce the judgment rendered against Citibank, N.A. against Citibank Argentina, expressly including "any effort to enforce the Judgment against Citibank Argentina or any of its assets based on the claim that Citibank Argentina and Citibank N.A. are not separate entities for such purposes." TRO, at 3.

As set out in Citibank Argentina's November 29, 2021 letter, on November 5, 2021, Mr. De Nevares' Argentine attorneys, acting on behalf of themselves and Mr. De Nevares, filed just such an application, in direct violation of the TRO. Now, according to Respondent's December 15 Letter, the Argentine Court to which that application was addressed has agreed with Mr. De Nevares and ruled that Citibank Argentina and Citibank, N.A. are the same entity, and has directed that a writ of attachment be entered against the assets of Citibank Argentina on that basis (the "December 14 Order").

The December 15 Letter asserts both that the December 14 Order was not filed on behalf of Mr. De Nevares, but on behalf of his Argentine lawyers, at the same time that it argues that its holding is applicable to Mr. De Nevares and moots Citibank Argentina's contemplated motion. As briefly set out below, the December 15 Letter is factually and legally incorrect, and the recent developments in

December 16, 2021
Page 2

Argentina it describes actually strengthen Citibank Argentina's contemplated application and highlighted the need for urgent relief to halt Mr. De Nevares' violation of this Court's order.

First, putting to the side the questionable notion that Mr. De Nevares' attorneys were acting independently from him when they sought to enforce the Judgment against Citibank Argentina, the December 14 Order confirms that Mr. De Nevares filed an application, expressly on his own behalf, for an order that Citibank Argentina and Citibank, N.A. are the same entity for the purposes of enforcing the Judgment (the "Request for Clarification"). The certified English translation of the Argentine Appellate Court's order attached to Respondent's December 15 Letter states that "*the plaintiff* filed a motion for clarification." ECF No. 49, Ex. A, at 7 (emphasis added).[1] In contrast, that order elsewhere refers specifically to Mr. De Nevares' counsel. Id. (describing actions by "[t]he plaintiff's legal representation" and "plaintiff's counsel"). Similarly, in the next paragraph, the Argentine Appellate Court expressly refers to a motion filed by the "expert translator", as opposed to the "plaintiff" stating, "[o]n the other hand, on 11/24/21, the expert translator filed two motions." Id. We also note that Mr. De Nevares' current position that he did not submit the Request for Clarification is contradicted by his counsel's letter sent to us, as Citibank Argentina's counsel, on November 11, 2021, which admits that "Argentine Counsel included Mr. De Nevares in the application." ECF No. 45, Tab B, at 7.

In any event, even if it were true that the Request for Clarification was filed only on behalf of Mr. De Nevares' lawyers, a scheme by which his lawyers would seek the relief prohibited by the TRO and then claim that Mr. De Nevares was a passive and unintended beneficiary nonetheless entitled to take advantage of that ruling, it is as much a violation of the TRO as the more direct violation that has actually occurred. The TRO enjoins Mr. De Nevares "together with his officers, agents, servants, employees, and attorneys, and any individual or entity claiming rights in the judgment," and Mr. De Nevares' strained explanation of the Argentine proceedings falls squarely within that prohibition. TRO, at 2.

Next, the December 15 Letter argues that because the Argentine Appellate Court already issued a decision, and that because Mr. De Nevares can supposedly no longer withdraw the application, a coercive fine would be inappropriate. First, Mr. De Nevares has made no showing that his application cannot be withdrawn. See Telenor Mobile Commc'ns AS v. Storm LLC, 587 F. Supp. 2d 594, 616 (S.D.N.Y. 2008), aff'd, 351 F. App'x 467 (2d Cir. 2009) ("Compliance must be beyond the realm of possibility, not just difficult to achieve, before a party will be exonerated in a contempt proceeding."). Assuming that, as a matter of Argentine law, the beneficiary of a court order cannot forego its benefits, the December 14 Order by its plain language provides for referral to the trial court for entry of a writ of attachment. It cannot be that Mr. De Nevares must proceed with such a further application, which will constitute a further contempt. Finally, even if the order somehow prevented Mr. De Nevares from complying with the TRO, "a foreign court

---

[1] In the Spanish original, that language is "la parte actora dedujo recurso de aclaratoria." ECF No. 49, Ex. A, at 3.

order prohibiting compliance with this Court's order does not make compliance impossible." Id. at 617.

Mr. De Nevares, in concert with his Argentine attorneys, has acted in blatant disregard of this Court's order, and the apparent success to date of his contemptuous conduct before the Argentine courts, far from being a reason to withhold relief, strongly supports Citibank Argentina's contemplated application and its application for a preliminary injunction. Those applications are not moot, and Mr. De Nevares' willingness to violate the express terms of this Court's order and his misrepresentation before this Court of what he actually did before the Argentine courts, calls for stronger sanctions than those already requested. See Jolen, Inc. v. Kundan Rice Mills, Ltd., No. 19-CV-1296, 2019 WL 2949988, at *3-4 (S.D.N.Y. July 9, 2019) (imposing coercive sanction doubling after every successive week of non-compliance with respect to anti-suit injunction where "Counsel has not withdrawn the Indian action as required by the Injunction Order or stopped participating in the action as further required by the Injunction Order"); Telenor, 587 F. Supp. at 621 (imposing $100,000 per day coercive fine which "double[s] every thirty days until compliance is achieved"). Citibank Argentina also respectfully requests that the Court make it clear by a supplemental order that the TRO includes any attempt to enforce the Judgment based on the December 14 Order.

Respectfully,

*Robert L. Sills*

Robert L. Sills